IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michelle Tarpley, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 7701 |
| Palisades Collection, LLC, a Delaware limited liability company and The Northland Group, Inc., a Minnesota corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Michelle Tarpley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Michelle Tarpley ("Tarpley"), is a citizen of the State of Tennessee, from whom Defendants attempted to collect a delinquent consumer debt, owed for a First USA credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Palisades operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Palisades is a bad debt buyer which specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant Northland Group.

6. Defendant Palisades is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Palisades conducts business in Illinois.

7. Moreover, Defendant Palisades is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Palisades acts as a debt collector in Illinois.

8. Defendant, The Northland Group, Inc. ("Northland"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Northland collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

9. Defendant Northland is licensed to conduct business in Illinois and

maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, Northland conducts business in Illinois.

10. Moreover, Defendant Northland is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D. In fact, Defendant Northland acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

11. Ms. Tarpley is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a First USA credit card. At some point in time after that debt became delinquent, it was bought by Defendant Palisades, and when Palisades began trying to collect this debt from Ms. Tarpley, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. Specifically, Defendant Palisades hired another debt collector, the Law Offices of Barry J. Gammons, to demand payment of the First USA/Palisades debt from Ms. Tarpley. Accordingly, on September 23, 2009, one of Ms. Tarpley's attorneys at LASPD informed Defendant Palisades, through its agent, the Law Offices of Barry J. Gammons, that Ms. Tarpley was represented by counsel, and directed Palisades to cease contacting her, and to cease all further collection activities because Ms. Tarpley was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Nonetheless, despite being advised that Ms. Tarpley was represented by counsel and refused to pay the debt, Defendants sent Ms. Tarpley collection letters,

dated August 28, 2010 and October 5, 2010, which demanded payment of the First USA/Palisades debt. Copies of these collection letters are attached as Exhibits F and G, respectively.

14. Accordingly, on October 19, 2010, Ms. Tarpley's LASPD attorneys had to send Defendants a letter directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

15. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Tarpley's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for

4

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Ms. Tarpley was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Tarpley was represented by counsel, and had directed a cessation of communications with Ms. Tarpley.  By directly sending Ms. Tarpley collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Michelle Tarpley, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Tarpley, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

6

**JURY DEMAND**

Plaintiff, Michelle Tarpley, demands trial by jury.

                                                  Michelle Tarpley,

                                                  By: /s/ David J. Philipps
                                                  One of Plaintiff's Attorneys

Dated: December 3, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com